IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MEDICIS PHARMACEUTICAL CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>ZYDUS PHARMACEUTICALS USA, INC. and CADILA HEALTHCARE LTD. D/B/A/ ZYDUS CADILA,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)  C.A. No. 12-707-LPS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### CONSENT JUDGMENT AND PERMANENT INJUNCTION AS TO ZYDUS PHARMACEUTICALS USA, INC. AND CADILA HEALTHCARE LTD.

This matter is before the Court on the unopposed motion of Plaintiff Medicis Pharmaceutical Corporation ("Medicis") and Defendants Zydus Pharmaceuticals (USA), Inc. and Cadila Healthcare Ltd. (collectively, "Defendants").

**WHEREAS**, this Consent Judgment and Permanent Injunction as to Defendants concerns only the claims between Medicis and Defendants in this Civil Action No. 12-707-LPS (referred to herein as the "Litigation").

**WHEREAS**, Medicis requests that this Consent Judgment and Permanent Injunction as to Defendants be entered in the above-captioned case, and Defendants do not oppose Medicis's request.

**WHEREAS**, Medicis owns United States Patent Nos. 5,908,838 ("the '838 patent"), 7,790,705 ("the '705 patent"), and 7,919,483 ("the '483 patent").

**WHEREAS**, Defendants submitted Abbreviated New Drug Application No. 203553 ("the Zydus ANDA") to the FDA under 21 U.S.C. § 355(j) seeking to obtain

approval to commercially manufacture and sell generic minocycline HCl extended release tablets for the treatment of acne.

**WHEREAS**, in the Litigation, Medicis alleged that Defendants infringed one or more of claims 3, 4, 12, 13, 19, 21, 23, 25, and 27-34 of the '838 patent, one or more claims of the '705 patent, and one or more claims of the '483 patent under 35 U.S.C. § 271(e)(2) by virtue of Defendants' submission of the Zydus ANDA to the FDA.

**WHEREAS**, in this Litigation, Medicis alleged that it would be irreparably harmed if Defendants are not enjoined from infringing or actively inducing or contributing to infringement of one or more of claims 3, 4, 12, 13, 19, 21, 23, 25, and 27-34 of the '838 patent, one or more claims of the '705 patent, and one or more claims of the '483 patent.

**WHEREAS**, in this Litigation, Medicis requested that this Court enter a permanent injunction enjoining Defendants from infringing the '838, '705, and '483 patents.

**WHEREAS**, Medicis and Defendants have reached an agreement to finally settle the Litigation as set forth in this Consent Judgment and Permanent Injunction as to Defendants and a separate License and Settlement Agreement ("Settlement Agreement") which is contemporaneously and separately being executed.

**WHEREAS**, final settlement of the Litigation will help Medicis and Defendants avoid the substantial uncertainty and risks involved with prolonged litigation.

**WHEREAS**, final settlement of this Litigation will permit Medicis and Defendants to save litigation costs, as well as adhere to the judicially recognized mandate that encourages the settlement of litigation whenever possible.

**WHEREAS**, final settlement of the Litigation serves the public interest by saving judicial resources and avoiding the risks to each of Medicis and Defendants associated with infringement.

**WHEREAS**, Medicis and Defendants each consent to personal jurisdiction in Delaware for purposes of enforcing the Settlement Agreement.

**IT IS HEREBY ORDERED, DECREED and ADJUDGED as follows:**

1. The Court has jurisdiction over Medicis and Defendants and the subject matter of this Litigation.

2. Defendants acknowledge Medicis's ownership and standing to sue for infringement of United States Patent Nos. 5,908,838 ("the '838 patent"), 7,790,705 ("the '705 patent"), and 7,919,483 ("the '483 patent").

3. Defendants acknowledge that the '838, '705, and '483 patents are valid and enforceable, as described more fully in the Settlement Agreement.

4. Defendants and its affiliates are permanently enjoined as of the date hereof from infringing the '838, '705, and '483 patents by the manufacture, use, offer to sell, sale, importation, or distribution of any current products, or future products having the same strength and dosage form of the current Solodyn® products, that are the subject of the Zydus ANDA that is not pursuant to a license granted by Medicis, and from inducing others to infringe the '838, '705, and '483 patents by inducing others to manufacture, use, offer to sell, sale, import, or distribute any current products, or future products having the same strength and dosage form of the current Solodyn® products, that are the subject of the Zydus ANDA that is not pursuant to a license granted by Medicis.

5. All claims in this Litigation are hereby dismissed without prejudice.

6. The parties are hereby ordered to comply with the terms of the Settlement Agreement.

7. Each party shall bear its own costs and attorneys' fees.

8. This Court shall retain jurisdiction over Defendants and Medicis for the purpose of enforcing the terms of this Consent Judgment and Permanent Injunction and over any matters related to or arising from the interpretation or enforcement of the Settlement Agreement or any legal or equitable claim concerning the Settlement Agreement by any third party.

IT IS SO ORDERED, DECREED AND ADJUDGED this 27th day of December, 2012.

_____
The Honorable Leonard P. Stark
United States District Judge

4

Agreed to:

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | LOCKE LORD LLP |
|---|---|
| */s/ Karen Jacobs Louden* | */s/ David B. Abramowitz* |

| Jack B. Blumenfeld (#1014) | Michael J. Gaertner |
| Karen Jacobs Louden (#2881) | Scott B. Feder |
| 1201 North Market Street | David B. Abramowitz |
| P.O. Box 1347 | 111 South Wacker Drive |
| Wilmington, DE 19899 | Chicago, IL 60606 |
| (302) 658-9200 | (312) 443-0700 |
| jblumenfeld@mnat.com | mgaertner@lockelord.com |
| klouden@mnat.com | sfeder@lockelord.com |
| | dabramovitz@lockelord.com |

*Attorneys for Plaintiff Medicis Pharmaceutical Corporation*

*Attorneys for Defendants Zydus Pharmaceuticals (USA) Inc. and Cadila Healthcare Limited*

5